IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BENJAMIN HERNANDEZ, JR., <br><br> Petitioner, <br><br> vs. <br><br> ROB JEFFREYS, <br><br> Respondent. | **8:24CV121** <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on Respondent's motion for summary judgment. Filing No. 6. Respondent filed the relevant state court records, Filing No. 7, a statement of undisputed material facts, Filing No. 8, and a brief in support, Filing No. 9. Petitioner Benjamin Hernandez, Jr. ("Petitioner" or "Hernandez") filed a brief in opposition to summary judgment, Filing No. 15, and a motion to submit evidence, along with the affidavit and two kites he wants the court to consider. Filing Nos. 16 & 17. Respondent filed a reply brief. Filing No. 19. Thus, this matter is fully submitted for disposition.

For the reasons explained below, the Court will grant the summary judgment motion and dismiss the petition with prejudice.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1] The moving party bears the initial

---

[1] Rule 56 of the Federal Rules of Civil Procedure applies to habeas proceedings pursuant to Rule 12 of the *Rules Governing Section 2254 Cases in the United States District Courts* ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.") and Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus and for quo warranto to the extent that the practice in those proceedings: (A) is not specified in a federal

responsibility of informing the court of the basis for the motion and must identify those portions of the record which the moving party believes show the lack of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the moving party does so, the burden then shifts to the nonmoving party, who "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, summary judgment should be granted." *Rozo v. Principal Life Ins. Co.*, 949 F.3d 1071, 1073 (8th Cir. 2020).

## II. UNDISPUTED MATERIAL FACTS

The following facts are taken from Respondent's statement of undisputed material facts, Filing No. 8, which Hernandez does not dispute, *see* Filing No. 15. The Court deems these facts admitted for the purposes of deciding the summary judgment motion. *See* NECivR 56.1(b)(1)(B) ("Properly referenced

---

statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions."). However, "summary judgment principles apply on federal habeas only to the extent they do not conflict with habeas rules." Brian R. Means, Federal Habeas Manual § 8:36.

material facts in the movant's statement are considered admitted unless controverted in the opposing party's response." (emphasis omitted)).

    1. On August 12, 2019, Petitioner Benjamin Hernandez Jr. pleaded no contest in the District Court of Douglas County, Nebraska, to possession of a deadly weapon by a prohibited person and possession with intent to distribute 140 grams or more of methamphetamine. Filing No. 7-4 at 3.

    2. On October 8, 2019, the state district court sentenced Petitioner to 30 to 40 years of imprisonment. Filing No. 7-5.[2]

    3. Petitioner timely appealed. Filing No. 7-1 at 8.

    4. On December 15, 2020, the Nebraska Court of Appeals affirmed the judgment. Filing No. 1 at 2; *State v. Hernandez*, No. A-19-1025, 2020 WL 7352648, at *1 (Neb. Ct. App. Dec. 15, 2020).

    5. Petitioner did not file a petition for further review. Filing No. 7-2.

    6. On January 11, 2022, Petitioner filed a state motion for postconviction relief. Filing No. 7-1 at 6.

    7. On April 1, 2022, the state district court denied relief. Filing No. 7-1 at 5.

    8. Petitioner timely appealed. Filing No. 7-1 at 5.

    9. On October 12, 2022, the Nebraska Court of Appeals affirmed. Filing No. 7-3 at 3.

    10. Petitioner did not file a petition for further review. Filing No. 7-3.

    11. On April 4, 2024, Petitioner filed a petition for a writ of habeas corpus. Filing No. 1.

---

[2] Respondent's statement of facts, Filing No. 8, states Hernandez was sentenced on August 30, 2019. Although the correct sentencing date is October 8, 2019, the distinction between the stated and actual sentencing date does not impact this habeas decision.

## III. ANALYSIS

Respondent submits that Hernandez's habeas petition must be dismissed because it was not timely filed and is barred by the limitations period set forth in 28 U.S.C. § 2244(d). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Hernandez's state court judgment became final on January 14, 2021, thirty days after the Nebraska Court of Appeals affirmed Hernandez's convictions and sentences on direct appeal. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that where a state prisoner unsuccessfully pursues a direct appeal to the state's intermediate appellate court but does not seek discretionary review in state's highest court, the limitations period for filing a federal habeas petition commences when the time for seeking discretionary

review in state's highest court expires); Neb. Ct. R. App. P. § 2-102(F)(1) (stating that a petition for further review must be filed within 30 days after the release of the opinion of the Court of Appeals). Accordingly, absent any tolling, the deadline for filing a timely federal habeas petition was January 14, 2022.

Hernandez filed a state postconviction motion on January 11, 2022. By then, 362 days had elapsed since January 14, 2021. The 362 days between the final judgment on direct appeal and the filing of a postconviction motion is counted against AEDPA's one-year limitations deadline for filing a habeas petition. *Bear v. Fayram*, 650 F.3d 1120, 1122 (8th Cir. 2011) (quoting *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001)( "[T]he time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period."). So, when Hernandez filed his state postconviction motion, only three days remained on the one-year statute of limitations.

The statute of limitations period is tolled while a state post-conviction or other collateral review is pending. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(2)). Here, the limitations period was tolled from January 11, 2022 through November 18, 2022, when the Nebraska Court of Appeals issued its mandate on Hernandez's motion for postconviction relief. Filing No. 7-3 at 3. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (state postconviction application "remains pending" until "the State's highest court has issued its mandate or denied review" and "the 1–year limitations period [is not tolled] during the pendency of a petition for certiorari").

When the state postconviction tolling period ended on November 18, 2022, Hernandez had three days, until Monday, November 21, 2022, to timely file his habeas petition within AEDPA's one-year limitations period.

5

"For the purposes of applying 28 U.S.C. § 2244(d), a pro se prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999), abrogated on other grounds by *Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008). In his petition, Hernandez avers that he initially delivered his petition to the prison mailroom on March 1, 2024, but when he contacted the court clerk's office to confirm its receipt, he discovered the prison mailroom had lost it. Filing No. 1 at 13, 24. So, he re-wrote and re-filed the petition. Filing No. 1 at 14. The petition filed with this court was signed on March 7, 2024, Filing No. 1 at 24. It was received by this court on April 4, 2024, and filed that same day. Filing No. 1 at 25.

Even assuming the prison mailroom lost a petition received from Hernandez on March 1, 2024, by then the statute of limitations had expired. Hernandez's petition allegedly delivered to the prison mailroom on March 1, 2024, was untimely.

In his responsive brief, Hernandez claims—for the first time—that in addition to the March 1, 2024, loss, the prison mailroom lost a petition he delivered for mailing in "November of 2022." Filing No. 15 at 6. In support of this claim, Hernandez offers an affidavit signed by a prior case manager dated March 12, 2025, and two kites dated November 1, 2024, and November 5, 2024. The affidavit states the case manager "inquire[d] about Benjamin Hernandezs [sic] legal mail on separate occasions a couple years ago. . . ." Filing No. 17. The two kites state the case manager sent "items" to the mailroom on two occasions. Filing No. 16.[3] Hernandez has submitted no evidence that on or before the

---

[3] The court granted Hernandez's motion to receive the affidavit and kites as evidence in response to the motion for summary judgment, *see* Filing No. 16; Filing No. 18, and this evidence has been considered for the purposes of this opinion.

6

filing deadline, November 21, 2022, he delivered a habeas petition to the prison mailroom, or that he had his case manager do so on his behalf. His petition is untimely. *Henderson–El v. Maschner*, 180 F.3d 984, 985 (8th Cir. 1999) (holding a petitioner may not invoke the mailbox rule where the record established only the date the petition was signed and the date it was ultimately filed, but no evidence of the specific date of delivering it to the mailroom).

The AEDPA limitations period may be subject to equitable tolling. Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). In addition, in *McQuiggins v. Perkins*, 569 U.S. 383, 386 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception.

Hernandez entered a plea of no contest to the state criminal charges, and he makes no claim of actual innocence. He may be arguing "extraordinary circumstances" justify equitable tolling of the limitations period because the prison mailroom lost his petitions rather than sending them to the court. But the alleged mailroom loss on March 1, 2024, occurred after the limitations period expired. It does not explain why Hernandez failed to timely file the petition. And as previously stated, Hernandez has presented no evidence that the prison mailroom lost his petition on or before November 21, 2022. As such, Hernandez cannot claim the statute of limitations must be equitably tolled because the prison mailroom lost his petition either on March 1, 2024, or in November of 2022.

Hernandez has not presented any arguments to support the application of equitable tolling or the miscarriage of justice exception. The Court has

carefully reviewed the petition and state court records and finds Hernandez's habeas petition is barred as untimely and must be dismissed.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court has applied the appropriate standard and determined that Hernandez is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1.　Respondent's Motion for Summary Judgment, Filing No. 6, is granted.

2.　Petitioner's habeas petition, Filing No. 1, is dismissed with prejudice because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d).

3.　The Court will not issue a certificate of appealability in this matter.

4.　A separate judgment will be entered.

Dated this 2nd day of July, 2025.

BY THE COURT:

*John M. Gerrard*
_____
John M. Gerrard
Senior United States District Judge

8